## Bowser v. Wayne Avenue Medical Associates

*Lawrence Feldman,* for plaintiffs.
*Frederic L. Goldfein,* for defendant.

D'ALESSANDRO, *J.,* July 31, 1990 — Before this court is the Superior Court's remand of an order and opinion of this court dated September 26, 1988, wherein this court entered judgment in favor of all defendants and against all plaintiffs. The Superior Court by order and memorandum filed August 16, 1989 remanded the case to this court with directions to supplement our opinion with our reasons for rejecting plaintiffs' constitutional arguments.

The complaint alleges a misdiagnosis of Claudette Bowser's pregnancy, which resulted in the birth of a normal and healthy child. The complaint contains four counts alleging negligence, loss of filial consortium, fraud and breach of warranties. By our order and opinion of September 26, 1988, we determined that:

"This lawsuit alleges that the defendants negligently failed to diagnose minor plaintiff Claudette Bowser's pregnancy and that as a result, plaintiff was unable to obtain an abortion and, subsequently, gave birth to a healthy child.

"Plaintiff claims that but for defendants' failure to diagnose, she would have known of her pregnancy in time to undergo an abortion. In other words, this is a 'wrongful birth' cause of action which is barred in Pennsylvania by 42 Pa.C.S. §8305."

Accordingly, we dismissed plaintiffs' entire complaint.

Plaintiffs appealed our order and opinion on the basis that (1) the trial court erred in holding that section 8305 was applicable to "all of appellants' several causes of action"; and (2) section 8305 is unconstitutional because it (a) "unduly burdens [the] fundamental right to choose an abortion," (b) "impermissibly discriminates according to exercise

of [a] fundamental right," and (c) retroactively abolishes their vested cause of action for wrongful birth.

We shall now address plaintiffs' constitutional arguments.

First, plaintiffs argue that section 8305 is unconstitutional because it unduly burdens the fundamental right to choose an abortion.

Plaintiffs argue that integral to the right to choose an abortion is "the physician . . . both assisting the woman in the decision-making process and implementing her decision should she choose abortion." *Akron v. Akron Center for Reproductive Health,* 462 U.S. 416, 427, 103 S.Ct. 2481, 76 L.Ed. 2d 687 (1983). Efforts to interfere with this physician-patient relationship unduly burden the right to choose an abortion and are unconstitutional. See *Thornburgh v. American Coll. of Obst. & Gyn.,* 476 U.S. 747, 106 S.Ct. 2169, 90 L.Ed. 2d 779 (1986). It makes no difference whether this interference is accomplished by mandating medical practices which interfere with this right, or by inviting medical malpractice which undermines this right, as does section 8305. Both types of interference unduly burden the fundamental right to choose an abortion.

Section 8305(A) states:

"(a) *Wrongful birth* — There shall be no cause of action or award of damages on behalf of any person based on a claim that but for an act or omission of the defendant, a person once conceived would not or should not have been born."

The Supreme Court of the United States in *Maher v. Roe,* 432 U.S. 453, 97 S.Ct. 2376, 53 L.Ed. 2d 484 (1977), stated:

"*Roe [v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed. 2d 1471] did not declare an unqualified

constitutional right to an abortion . . . Rather the right protects the woman from unduly burdensome interference with her freedom to decide whether to terminate her pregnancy. It implies no limitation on the authority of a state to make a value judgment favoring childbirth over abortion. . ." *Id.,* at 473-4, 97 S.Ct. at 2376.

In enacting section 8305, the Pennsylvania legislature made a value judgment favoring childbirth over abortion. The legislature found the cause of action for wrongful birth to be so reprehensible that it decided as a matter of public policy to abrogate a cause of action in wrongful birth.

The legislation does nothing to prevent a woman from obtaining an abortion. It simply prevents her from filing suit claiming that but for the act or omission of a defendant, a person once conceived would not or should not have been born.

Thus, we conclude that the legislation does not impinge upon the right of a woman to have an abortion.

Secondly, plaintiffs argue that section 8305 impermissibly discriminates against the fundamental right to choose an abortion. Plaintiffs argue that "any classification which serves to penalize the exercise of a [fundamental right] will violate equal protection absent a compelling state interest." *Dunn v. Blumstein,* 405 U.S. 330, 339, 92 S.Ct. 95, 31 L.Ed. 2d 274 (1972).

Plaintiffs also argue section 8305 impermissibly discriminates against a woman who desires to exercise her right to an abortion and that section 8305 plainly modifies the common law of torts so as to limit the right of recovery according to how a woman exercises her fundamental right to control her reproductive life.

We conclude that the legislation does not operate to the disadvantage of a suspect class or impinge upon a fundamental right. Thus, the legislation passes constitutional scrutiny if it rationally furthers some legitimate state purpose. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed. 2d 16 (1973). When an issue involves sensitive policy choices, the appropriate forum for their resolution in a democracy is the legislature. "We should not forget that 'legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts.' " *Maher v. Roe,* 432 U.S. at 480.

Here, the legislature has made a policy choice to abrogate wrongful birth causes of action. As a matter of public policy, this Commonwealth has recognized the intrinsic value of all individuals and decided that the failure to abort an unborn child should never constitute a wrong.

Thus, we conclude that the legislation rationally furthers the legitimate state purpose of recognizing the intrinsic value of human life. Therefore, the abrogation of a cause of action for failure to abort an unborn child is not unconstitutional.